FEE PAID-26V6TGBO

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

**FILED**
CLERK, U.S. DISTRICT COURT

MAR 3 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KMH_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JORGE ALEJANDRO ROJAS,

             Plaintiff,

vs.

CALIFORNIA PRO BUILDERS, LA
HOME CONTRACTOR INC, ASHER
PERETZ, THOMAS SHABTAY, and
TOMER SOLOMON,

             Defendants.

Case No.:  2:22-cv-01437-RGK-MRWx

COMPLAINT FOR:
VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT, 47
U.S.C. § 227

     Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone

Consumer Protection Act, 47 U.S.C. § 227, against Defendants California Pro

Builders ("CPB"), LA Home Contractor Inc ("LAHC"), Asher Peretz ("Peretz"),

Thomas Shabtay ("Shabtay"), and Tomer Solomon ("Solomon"), collectively

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 -
1

"Defendants," and alleges based on personal knowledge and information and belief, as follows:

## **INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, to do construction work.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

1

## JURISDICTION AND VENUE

2   4. This Court has subject-matter jurisdiction over the TCPA claims in this

3      action under 28 U.S.C. § 1331.

4   5. This Court has personal jurisdiction over Defendant as it regularly and

5      systemically conducts business in the state of California. Specifically,

6      Defendants are incorporated in the State and were attempting to obtain

7      business in this State. The wrongful conduct giving rise to this case

8      occurred in, was directed to, and/or emanated from this District.

9   6. Venue is proper under 28 U.S.C. § 1391(b)(2).

10  ## PARTIES

11  7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook,

12     IL 60440, and is a citizen of the State of Illinois.

13  8. Defendant California Pro Builders, ("CPB"), is a California General Stock

14     Corporation entity, with a registered agent of Frank Compagna at 14103

15     Burbank Blvd Van Nuys, California, 91401, and principal entity address

16     of the same.

17  9. Defendant LA Home Contractor Inc ("LAHC") is a California Corporation,

18     with with a registered agent of Frank Compagna at 14103 Burbank Blvd

19     Van Nuys, California, 91401, and principal entity address of the same.

20
COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 -
3

10. Defendant Asher Peretz ("Peretz") incorporated CPB. Upon information and belief, Peretz is a member of CPB. Peretz is also the CEO and Director of LAHC and is located at the same address as LAHC or 14151 Burbank Blvd Valley Glen, CA 91401.

11. Defendant Thomas Shabtay ("Shabtay") is the Secretary of LAHC and is located at the same address as LAHC.

12. Defendant Tomer Solomon ("Solomon") is the Chief Financial Officer of LAHC and is located at the same address as LAHC.

13. Defendants Peretz, Shabtay, and Solomon are referred to as "Individual Defendants."

14. Individual Defendants owned, operated, and were officers, employees, and/or agents of CPB and LAHC. At all material times referenced herein, Individual Defendants participated in the conduct that was directed at Plaintiff. The acts and omissions performed by Individual Defendants giving rise to liability in this matter occurred or were performed in this District.

15. Defendants are each a person as defined by 47 U.S.C. § 153(39).

16. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

17. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

18. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having

received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

21. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

22. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

23. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five*

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 6

*Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

24. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

25. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

26. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

## **FACTUAL ALLEGATIONS**

27. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

28. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

29. Plaintiff is the account holder and customary user of his phone number.

30. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

31. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

32. Defendant CPB is a construction company who has been engaging in telemarketing in order to obtain business.

33. Defendant LAHC is a construction company who has been engaging in telemarketing in order to obtain business.

34. Defendant CPB was not incorporated until November 4, 2021. Plaintiff believes that LAHC was responsible for the calls prior to then.

35. **Call 1.** On or about August 4, 2021, at 12:21 PM Chicago time, Plaintiff received a telephone call from Defendants, from 818-634-9229.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

36. When Plaintiff picked up the phone, he heard a beep, followed by a longer than natural pause, followed by Defendants employee or agent who identified himself as "Sam" spoke to Plaintiff regarding construction services. "Sam" later transferred Plaintiff to a "Cruz."

37. The call was made for the purposes of soliciting construction services.

38. When asked to provide a website, Cruz provided the website of "topbuildersinc.net."

39. **Call 2.** On August 6, 2021, at about 12:18 PM Chicago time, Plaintiff received a telephone call from Defendants, which he did not answer, but which was made for the purpose of soliciting construction services from 424-502-5301.

40. **Call 3.** On August 6, 2021, at about 12:33 PM Chicago time, Plaintiff received a telephone call from Defendants, which he did not answer, but which was made for the purpose of soliciting construction services, from 424-502-5301.

41. **Call 4.** On August 6, 2021, at about 1:22 PM Chicago time, Plaintiff received a telephone call from Defendants, which he did answer, and was made for the purpose of soliciting construction services, from 424-502-5301.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

42. During the August 6, 2021 calls, Plaintiff spoke with a "Sam" and "Rick Sanchez."

43. When Plaintiff asked the individuals to provide more information concerning their company, they would not.

44. At that time, Plaintiff researched the company website provided, and was unable to obtain additional identifying information regarding the company. Defendants called it "suspicious" Plaintiff was seeking more information and hung up.

45. **Call 5.** On or about March 2, 2022, at 3:07 PM Chicago time, Plaintiff received a telephone call from Defendants, from 213-426-1021.

46. When Plaintiff picked up the phone, he heard a beep, followed by a longer than natural pause, followed by Defendant's employee or agent named "Dante" stating that he was looking for customers for construction projects.

47. Dante identified himself as working for California Pro Builders and stated that they had been in business in 27 years, and were a marketing team located in Tarzana.

48. When asked to provide a website, Dante transferred Plaintiff to a Bill Morris, who then transferred Plaintiff to a Michelle Johnson. Michelle

Johnson stated that she was calling from a marketing call center in Tarzana but calling on behalf of a company in Van Nuys.

49. Michelle and Bill provided a website of https://www.californiaprobuilders.net, which was substantially identical to and similar to "topbuildersinc.net," utilizing the same images, theme, and fonts.

50. The TopBuildersInc.net website no longer has content, but a previous internet capture of it demonstrates it is the same as CaliforniaProBuilders. https://web.archive.org/web/20210802233324/https://www.topbuildersinc.net/

51. Plaintiff alleges that California Pro Builders and Top Builders are the same.

52. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, construction work.

53. Defendants masked its telephone number to not reveal its true telephone number.

54. Defendants may be using a third-party lead generator which is placing the unlawful calls, but in either event the actions of named Defendants is illegal through direct and vicarious liability.

55. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

56. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

57. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

58. Plaintiff did not have a prior business relationship with Defendants.

59. Defendants did not have any consent to call Plaintiff.

60. Defendants are not an organization exempt from the TCPA.

61. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

62. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

63. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

64. Plaintiff alleges that Defendants train its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 12

65. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

66. Evidence that the calls were made in a willful and knowingly nature include the fact that Defendants were oblivious to the fact they had previously called Plaintiff months prior and that they are using third party lead companies to make the telemarketing calls.

67. The impersonal and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

68. In total, Defendants and/or its affiliates placed at least five (5) telephone solicitation calls to Plaintiff.

69. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

70. Defendants have a pattern and/or practice of failing to comply with the TCPA.

71. The foregoing acts and omissions were in violation of the TCPA.

72. Defendant Peretz is liable under the TCPA as he is the individual collecting the leads from the telemarketing scheme and earning a commission on any sales or purchases made.

73. Individual Defendants would each profit from the sale of any transaction arising from the telemarketing scheme. Individual Defendants exercised control of the scheme and were knowledgeable of it.

74. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

75. Employees can be held liable in TCPA actions for unlawful conduct.

76. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

77. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for

each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

78. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

79. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

80. Plaintiff is also entitled to an award of costs.

81. Defendants' calls were not made for "emergency purposes."

82. Defendants' calls to Plaintiff were made without any prior express written consent.

83. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

84. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

85. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

86. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

87. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

88. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

89. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least five (5) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

90. Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

91. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $7,500.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.** Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

92. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

93. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

94. Defendants called Plaintiff's telephone at least two (2) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

95. Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the five (5) telephone calls.

96. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the

1    court treble the damage amount as permitted under 47 U.S.C. §

2    227(c)(5)(C) for these willful or knowing violations.

3    WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

4    and against, Defendants, jointly and severally, in an amount of $7,500.00 plus

5    costs and any other remedy deemed appropriate.

6    **COUNT 4.** Violation concerning Identification of Sellers and Telemarketers,

7    47 C.F.R. § 64.1200(d)(4)

8    97.Plaintiff incorporates the foregoing paragraphs as through the same were

9       set forth herein.

10   98.The TCPA's implementing regulations require that the caller provide the

11      called party the name of the individual caller, the name of the person or

12      entity on whose behalf the call is made, and a telephone or address where

13      the person may be reached.

14   99.Defendants violated this provision by providing incorrect information

15      regarding the entity it represents when it made the telephone calls stating

16      it was LA TOP Builders but it truly wasn't.

17   100.    Plaintiff was statutorily damaged at least two (2) times under 47

18      U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described

19      above, in the amount of $500.00 for each of the two (2) telephone calls

20   COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 18

Plaintiff answered the phone and where Defendants would not provide additional information concerning the true indispensable entity they represented.

101.    Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and severally, in an amount to be more fully determined at trial, but at least $16,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D.  Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E.  Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F.  All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

G.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H.  Statutory damages of $500 per violation of the TCPA's implementing regulations, 47 C.F.R. § 64.1200(d)(4);

I.  Leave to amend this Complaint to conform to the evidence presented at trial; and

J.  Any other relief this Court deems proper.

Respectfully submitted,

Dated: March 3, 2022

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 20

# **EXHIBIT 1**

# **EXHIBIT 1**

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.